**KOLLER LAW LLC**
David M. Koller, Esquire (90119) *Attorney for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(T) 215-545-8917
(F) 215-575-0826

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT PUTMAN <br> 1661 Woodard Avenue, Apartment 721 <br> Cleburne, TX 76033 <br>        Plaintiff, <br>               v. <br><br> SCHNEIDER NATIONAL <br> 1 Schneider Drive <br> Carlisle, PA 17013 <br><br> 3101 S. Packerland Drive, P.O. Box 2545 <br> Green Bay, WI 54306-2545 <br>        Defendant. | Civil Action No. <br><br><br><br><br><br> COMPLAINT AND JURY DEMAND |

### CIVIL ACTION COMPLAINT

Plaintiff, Scott Putman (hereinafter "Plaintiff), by and through undersigned counsel, hereby files this complaint against Defendant Schneider National (hereinafter "Defendant") alleging that his rights pursuant to the Americans With Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") have been violated and avers:

### PARTIES

1. Plaintiff, Scott Putman, is an adult domiciled at the above captioned address.

2. Plaintiff initiated this action to recover damages under the ADA and PHRA.

3. Schneider is a trucking and logistics provider with a location at 1 Schneider Drive, Carlisle, PA 17013 and a corporate headquarters located at 3101 S. Packerland Drive, P.O. Box 2545, Green Bay, WI 54306-2545.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the practice of treatment which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

12. Plaintiff exhausted his administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

13. On March 30, 2015, Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination against Defendant.

14. The Charge was assigned a Charge Number of 530-2015-02552 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC").

15. Plaintiff received a Notice of Right to Sue relative to the Charge and that Notice is dated August 28, 2017. He received the notice by mail.

16. Plaintiff files the instant Complaint within ninety (90) days of his receipt of the Notice of Right to Sue letter relative the Charge.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

## FACTUAL SUMMARY

18. Plaintiff is hearing impaired.

19. He has been deaf since birth and is unable to hear or speak.

20. In November 2014, Plaintiff applied for a Trucker position with Defendant.

21. At the time Plaintiff applied for the Trucker position with Defendant, Plaintiff had a valid Pennsylvania driver's license, a valid Commercial Driver's License ("CDL"), and passed all required Department of Transportation medical examinations.

22. Plaintiff disclosed his disability on his application to Defendant.

23. Defendant invited Plaintiff to attend orientation at its location in Carlisle, Pennsylvania.

24. Plaintiff requested Defendant provide him with a sign language interpreter.

25. On November 11, 2014, Plaintiff attended Defendant's orientation, but was not provided a sign language interpreter by Defendant.

26. At orientation, Plaintiff passed Defendant's additional Department of Transportation medical examination.

27. Defendant then notified Plaintiff that he would be starting his employment with Defendant the following day, November 12, 2014, in the position of Trucker.

28. However, later that day on November 11, 2014, Plaintiff was called into Brian Curren's, Safety and Training Manager, office.

29. Mr. Curren informed Plaintiff that despite his qualifications, Defendant was not going to hire him.

30. Mr. Curren cited "communication issues" as the reason for Defendant's failure to hire Plaintiff. This is a direct reference to Plaintiff's disability.

31. Furthermore, Mr. Curren asked Plaintiff, "How do you communicate?"

32. Defendant did not engage in the interactive process or offer Plaintiff an accommodation, a chance to explain or an alternative position.

### COUNT I – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

33. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

34. Plaintiff is disabled under the ADA.

35. Plaintiff has a disability that substantially limits major life activities.

36. Plaintiff is a qualified individual.

37. Plaintiff was subject to an adverse employment action – failure to hire.

38. Circumstances indicate that Plaintiff's disabilities was the reason for the adverse employment action.

39. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

40. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

41. The purported reason for Defendant's decision is pretextual.

42. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

43. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

44. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

45. Plaintiff is disabled under the PHRA.

46. Plaintiff has a disability that substantially limits major life activities.

47. Plaintiff is a qualified individual.

48. Plaintiff was subject to an adverse employment action – failure to hire.

49. Circumstances indicate that Plaintiff's disabilities was the reason for the adverse employment action.

50. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

51. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

52. The purported reason for Defendant's decision is pretextual.

53. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

54. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Scott Putman, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

(d) Liquidated damages;

(e) Emotional pain and suffering;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgment interest;

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

                                              Respectfully Submitted,
                                              **KOLLER LAW, LLC**

Date: November 29, 2017        **By:**    */s/ David M. Koller*
                                                      David M. Koller, Esquire
                                                        Attorney ID No. 90119
                                                        2043 Locust Street, Suite 1B
                                                        Philadelphia, PA 19103
                                                        215-545-8917
                                                        *Counsel for Plaintiff*